UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MARENDA K. TAMAALEMALO,<br><br>    Plaintiff,<br><br>  vs.<br><br>WARDEN ESTELA DERR,<br><br>    Defendant. | CIV. NO. 23-00032 LEK-KJM |

**ORDER DISMISSING, WITH PREJUDICE, PETITION FOR
WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241
SEEKING AN ORDER DIRECTING THE BUREAU OF PRISONS
TO APPLY FIRST STEP ACT EARNED TIME CREDITS**

Before the Court is pro se Petitioner Marenda K. Tamaalemalo's ("Tamaalemalo") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 Seeking an Order Directing the Bureau of Prisons to Apply First Step Act Earned Time Credits, filed on January 23, 2023 ("Petition"). [Dkt. no. 1.] On March 2, 2023, Respondent Estela Derr, Warden of the Federal Detention Center in Honolulu, Hawai`i ("Warden Derr" and "FDC Honolulu") filed her Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] ("Response"). [Dkt. no. 5.] On April 24, 2023, an entering order was issued informing the parties that the Court was inclined to deny the Petition as moot and directing Tamaalemalo to file a response addressing the mootness issue ("4/24 EO"). [Dkt. no. 6.] Tamaalemalo did not file a response. The Court finds the

Petition suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Tamaalemalo's Petition is hereby dismissed with prejudice for the reasons set forth below.

## BACKGROUND

Tamaalemalo was convicted, pursuant to a guilty plea, of a drug offense and sentenced to twelve months and one day of imprisonment and four years of supervised release.  See United States v. Tamaalemalo, CR 19-00061 LEK, Judgment in a Criminal Case, filed 2/24/22 (dkt. no. 42) ("Judgment"), at 1-3.  On July 15, 2022, Tamaalemalo surrendered to FDC Honolulu to begin serving her term of imprisonment.  See id., copy of the executed Judgment, filed 8/3/22 (dkt. no. 47).

The Petition alleges Tamaalemalo's scheduled release date, with First Step Act ("FSA") earned time credits, was January 18, 2023, but she was not released.  [Petition at PageID.1.]  The Petition seeks her immediate release.  See id. at PageID.2.  Warden Derr argues the Petition should be denied as moot because the Federal Bureau of Prisons ("BOP") has updated Tamaalemalo's earned time credits and applied them to her sentence, resulting in a projected release date of March 11, 2023.  See Response at 2; see also id., Decl. of Kris Robl at ¶ 11 & Exh. C (Tamaalemalo's FSA Time Credit Assessment, dated

2

2/11/23). Tamaalemalo was released from FDC Honolulu on March 10, 2023. See Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited June 15, 2023). The 4/24 EO directed Tamaalemalo to file a response addressing the mootness issue by May 30, 2023, and it cautioned her that, if she failed to file a response, the Petition would be denied as moot.[1] See 4/24 EO at PageID.29-30. As of the date of this Order, Tamaalemalo has not filed a response addressing the mootness issue, nor has she filed any document in this case since the 4/24 EO was filed.

**STANDARD**

> "Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

---

[1] Tamaalemalo's address of record, based on her address at the time she filed the Petition, is FDC Honolulu. However, in light of her release from FDC Honolulu and the commencement of her term of supervised release, the 4/24 EO was served on the United States Probation Office to assist with the service of the 4/24 EO on Tamaalemalo. See 4/24 EO at PageID.30.

3

Yanagihara v. Derr, Civil No. 22-00145 JAO-RT, 2023 WL 2163685, at *3 (D. Hawai`i Feb. 22, 2023).  "In particular, a petitioner may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition."  Walsh v. Boncher, No. 22-cv-11197-DLC, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023) (citation and internal quotation marks omitted).

## **DISCUSSION**

As a threshold matter, the Court must address Warden Derr's argument that Tamaalemalo's Petition is moot.

> Article III of the Constitution limits the jurisdiction of the federal courts to "actual, ongoing" "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1; Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990); see United States v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007).  "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot."  Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citation and internal quotation marks omitted). . . .  "[P]arties must continue to have a personal stake in the outcome of [a] lawsuit," Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted) . . . .

Yanagihara, 2023 WL 2163685, at *3 (some alterations in Yanagihara).  Because Tamaalemalo has already obtained the relief that the Petition seeks - her release from incarceration - she no longer has a personal stake in the outcome of this case.  In other words, even if Tamaalemalo is correct that the BOP was wrongfully refusing to apply FSA earned time credits at the time she filed the Petition, this Court is unable to grant

4

her any form of relief under § 2241 to remedy that wrong because the credits have already been applied.  See Spencer, 523 U.S. at 7 ("[T]hroughout the litigation, the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the defendant and **likely to be redressed by a favorable judicial decision**." (emphasis added) (citation and internal quotation marks omitted)).

This Court therefore concludes that Tamaalemalo's Petition is moot and must be dismissed.  The dismissal is with prejudice, in other words - without leave to amend, because it is not possible for Tamaalemalo to amend her Petition to cure this defect.  See Dejapa v. Derr, CIVIL NO. 23-00090 JAO-KJM, 2023 WL 2758890, at *1 (D. Hawai`i Apr. 3, 2023) ("The district court should not dismiss a habeas petition 'without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.'" (quoting Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971))).

Because this Court has dismissed the Petition as moot, it is not necessary to address any of the other issues raised regarding the Petition, including, but not limited to, the issue of whether Tamaalemalo's failure to exhaust her administrative remedies should be excused.  This Court makes no findings or conclusions regarding these issues.

**CONCLUSION**

For the foregoing reasons, Tamaalemalo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 Seeking an Order Directing the Bureau of Prisons to Apply First Step Act Earned Time Credits, filed January 23, 2023, is HEREBY DISMISSED WITH PREJUDICE because the Petition is moot.  The Clerk's Office is DIRECTED to enter judgment and close the case on **July 3, 2023,** unless Tamaalemalo files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 16, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARENDA TAMAALEMALO VS. WARDEN ESTELA DERR; CV 23-00032 LEK-KJM; ORDER DISMISSING, WITH PREJUDICE, PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241 SEEKING AN ORDER DIRECTING THE BUREAU OF PRISONS TO APPLY FIRST STEP ACT EARNED TIME CREDITS**